## 9387

### SPARKS v. ATLANTIC COAST LINE R. CO. *ET AL.*

#### (88 S. E. 739.)

MASTER AND SERVANT — LIABILITY OF MASTER — TORTS OF SERVANTS. — Where a railroad conductor was charged with wilfully pitching off the train a trespassing boy, who was killed, a judgment against the railroad company alone, and in favor of the conductor, cannot be sustained, for both are joint tort-feasors, and the conductor was acting in a dual capacity, individually and as representative of the railroad company.

Before RICE, J., Sumter, November, 1914.   Reversed.

Action by W. E. Sparks, administrator of the estate of Eugene Sparks, against the Atlantic Coast Line Railroad Company and L. C. Jones. From a judgment against the first named defendant alone, it appeals.

*Messrs. P. A. Willcox, Mark Reynolds* and *Lucian W. McLemore,* for appellant.   *Mr. McLemore* cites: *As amendment of exception:* 98 S. C. 431; 49 S. C. 374; 20 S. C. 190; 34 S. C. 160; 35 S. C. 593; 60 S. C. 67.   *Charge:* 68 S. C. 525; Labatte M. & S., secs. 2585 to 2595; 12 Mod. 488; 72 Am. Dec. 372; 132 Ill. 16; 22 Am. St. Rep. 504; 23 N. H. 384; 104 Ala. 611; 28 L. R. A. 433; 53 Am. St. Rep. 88; 84 S. C. 546; 30 L. R. A. (N. S.) 404; 200 Mo. 347; 9 L. R. A. (N. S.) 880; 18 Am. St. Rep. 661; 142 U S. 18; 54 L. R. A. 649; 89 S. C. 408; 82 S. C. 520; 2 L. R. A. (N. S.) 764; 52 Am. Dec. 745; 64 S. C. 212; 1 Mills (8 S. C. L.) 165; 64 S. C. 212; 72 S. C. 465; 1 Jaggard Torts, secs. 288-9; 16 L. R. A. (N. S.) 677; 69 S. C. 1; 65 S. C. 341; 68 S. C. 55; 65 S. C. 332; 75 S. C. 270; 93 S. C. 329; 82 S. C. 342; 73 S. C. 177; 84 S. C. 546; 98 S. C. 466; 92 S. C. 361.

*Messrs. L. D. Jennings* and *R. D. Epps,* for respondent.

April 24, 1916.

The opinion of the Court was delivered by Mr. Justice Gage.

The appeal involves a single question of law, and that is the liability of the master for the wilful act of the servant, under the circumstances of this case, when the jury has found the servant to be not liable for the same act. Both the master and servant were sued as joint tort feasors. The jury found, in effect, that a conductor of a rapidly moving railroad train wilfully pitched off the car a trespassing negro boy and killed him; and the jury found a verdict against the corporation master alone. The Circuit Court sustained the verdict, on the authority of *Carson* v. *Railroad,* 68 S. C. 56, 46 S. E. 525.

We think no case in our own Reports presents just such an issue as is here made. In the instant case there is only one servant, one intent, and one act, and the case is a pure tort. If the corporation, in the person of its general manager, had stood in his very body by the conductor's side, consenting to the act of the conductor, and the conductor had pitched out the trespasser, then a jury might in a Court of Sessions have convicted the one and acquitted the other; for the jury might have concluded that the two had differing *intents*. And in a Civil Court a jury might have found a verdict for dollars against one alone, upon principles announced so long ago as in *Chanet* v. *Parker,* 1 Mill, Const. 165. In the case supposed, while for most purposes the conductor might have been a servant and the general manager a master, yet they were at the instant *both principals* in that act.

How is the case altered that the general manager was not present in the body, but was ideally present in the person of the conductor? The conductor was two persons in one; he stood for the general manager and for himself, too. The *act* he did and the *intent* he had when he pitched out the trespasser were the two facts to be established against the

conductor and against the general manager. These facts were traceable to the general manager *only through* the conductor. If the conductor had no evil intent, there was no other chance for the general manager to have it. If the conductor did not do the physical act of ejection, there was no chance for the general manager to do it. The verdict is that the conductor had no evil intent, and that the conductor did not pitch the trespasser out. If that be so, neither did the general manager do it. The general manager in the case stated is the corporation.

The appellant has cited cases from other jurisdictions which sustain our conclusion; and we have been referred to no case from our own jurisdiction which is *contra.* In all our cases there were other operating agencies of the principal than the servant sued as joint tort feasor. It is not worth while to discuss them. They speak for themselves.

We have not considered if the Circuit Judge had the power to allow the appellant to add an exception after the appellant submitted to the respondents his proposed case. We think the issue we have decided fairly arises on the one exception that was made at the start. The issue decided is raised by both exceptions.

The judgment of the Circuit Court is reversed, and a new trial is ordered.