## 9539

### JONES v. SOUTHERN RY. CO. ET AL.

(90 S. E. 183.)

1. MASTER AND SERVANT—INJURY TO THIRD PERSON—LIABILITY OF MASTER—TORTS OF SERVANT.—In an action by plaintiff against a railway, its freight agent, and two assistant freight agents, for damages from the bite of a cat allowed to be on the railroad's premises while plaintiff was there on business, alleging that it was known by the defendants to be vicious, that it had rabies, and that plaintiff suffered the administration of Pasteur's treatment to prevent hydrophobia, a directed verdict for the agent, leaving the liability of the others to the jury, which returned a verdict against the railroad alone, could

not stand, where no delict of the company was proved other than through the assistant agents.

2. MASTER AND SERVANT — INJURY TO . THIRD PERSONS — RESPONDEAT SUPERIOR—VERDICT.—Such verdict could not be sustained, where the railroad's liability was predicated solely upon the conduct of its agents under the doctrine *respondeat superior,* since if the railroad was liable to the plaintiff, the agents whose wrongful acts caused the injury were liable over to it for the amount it would be compelled to pay on the verdict, of which remedy the judgment of acquittal deprived the railroad.

Before SEASE, J., Edgefield, October, 1915. Reversed.

Action by E. Pendleton Jones, Jr., against the Southern Railway Company and others. Judgment for plaintiff, and the company appeals.

*Messrs. N. G. Evans* and *S. M. Smith,* for appellants, cite : *As to liability for injury to domestic animals:* 22. S. E. 133; 51 Am. St. Rep. 62; 26 S. E. 114; 38 L. R. A. 156; 1 Ann. Cas. 204 and 205; 1 R. C. L. 1089, 1092. *Agency:* 32 S. W. 518, 519; 74 S. C. 221; 72 S. C. 125; 168 S. W. 905; 98 Atl. 430; 88 Conn. 670; 93 Atl. 586. *Verdict against master and in favor of·servant:* 56 S. C. 332-338; 65 S. C. 341, 344; 1 Mills 333; 69 S. C. 1; 30 L. R. A., (N. S.) 404; 9 L. R. A. (N. S.) 880; 2 L. R. A. (N. S.) 764; 95 S. W. 568; 123 Ky. 789; 11 L. R. A. (N. S.) 352; 97 S. W. 929; 4 Gray 465; 64 Am. Dec. 83.

*Messrs. Sheppard Bros.* and *J. Wm. Thurmond,* for respondent, cite : *As to waiver of objection to statement of issues:* 74 S. C. 306. *Charge on contributory negligence:* 56 S. C. 81; 61 S. C. 468. *Duty toward invitee:* 57 S. C. 336; 5 Enc. 518. *Charge as to wantonness:* 61 S. C. 170; 35 S. C. 467. *Joint and several liability of master and servant:* 65 S. C. 341. *Exceptions too general:* 45 S. C. 107 and 265.

October 12, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff sued the railroad company and three of its agents and servants, Shealey, Parks and Gilliard, for damages caused him by the bite of a cat which was allowed to be on the company's premises while he was there attending to business with the company. He alleged that the cat was known by defendants to be vicious, having previously bitten others; also, that it had rabies, when it bit him, and, in consequence, he suffered the administration of Pasteur's treatment for the prevention of hydrophobia. The Court directed a verdict in favor of the defendant, Shealey, and instructed the jury that they might find for or against any or all the other defendants. The jury returned a verdict for $750 against the company alone.

Under the recent decisions in *Sparks* v. *Railroad Co.,* 104 S. C. 266, 88 S. E. 739, and *Jenkins* v. *Railroad Co.,* 89 S. C. 408, 71 S. E. 1010, the verdict is illogical and cannot stand, as no delict of the company was proved other than through and by the agency of Parks and Gilliard, one or both. The company's liability is predicated solely upon the acts or omission of one or both of them; and if neither of them is liable, it necessarily follows that the company is not. It would be unreasonable to say that the servant did no wrong, but, nevertheless, his master is liable, when the only wrong charged against the master is that of the servant.

There is another reason why the verdict cannot be sustained. The company's liability is predicated solely upon the conduct of its servants under the doctrine *respondeat superior;* and, under the facts and circumstances proved, if the company is liable to plaintiff, the servant or servants whose wrongful acts or omissions actually caused the injury are liable over to the com-

pany for the amount which it will be compelled to pay on account thereof. But, as the verdict acquits both the servants of having done any wrong, the company is deprived of its remedy against the offending servant or servants, because the judgment in this case would be a bar to an action by the company against either or both of them.

Examination of the cases relied upon by respondent in which verdicts against the master were sustained, notwithstanding the acquittal from liability of his codefendant servant, will show that, in each of them, there was evidence either of a joint tort of master and servant, or of some separate and independent delict of the master for which the servant was not liable.

In this view of the case, the other assignments of error need not be considered.

Judgment reversed.