13177

GREER v. STATE HIGHWAY DEPT. *ET AL.*

(159 S. E., 35)

 Oc-
tober, 1930. 

*Messrs. John M. Daniel, Attorney General, Cordie Page*
and *J. Ivey Humphrey, Assistants Attorney General,* and
*John K. Hamblin,* for appellant, 

*Messrs. Thomas & Going* and *P. D. Barron,* for respond-
ent, 

June 12, 1931.

The opinion of the Court was delivered by MR. JUSTICE
BONHAM.

Plaintiff brought his action to recover damages for an
injury, by which he lost his leg, and which injury was
caused by the alleged negligence, recklessness and willful-
ness of the defendant Gilliam in the operation of an automo-
bile, which was the property of the State Highway Depart-
ment, and which was being used by Gilliam, who was an
employee of the department. The action is brought under
the provisions of the Act of the General Assembly No. 1055,
approved March 10, 1928 (35 St. at Large, p. 2055), and
entitled: "An Act to Permit the State Highway Depart-
ment to be Sued and Naming the Conditions Under Which
Suit May be Instituted," etc.

The complaint alleges that all of the provisions of the said Act have been complied with, and that plaintiff did not bring about his injury by his own ngeligence, and did not negligently contribute thereto.

For answer defendants admit Paragraphs 1, 2 and 3 of the complaint, and so much of Paragraph 4 as alleges that plaintiff was injured by defendant's truck at the time and place alleged. They deny all other allegations of the complaint; and allege that plaintiff's injury was due to his own carelessness and negligence; and to his carelessness, recklessness, and willfulness, "combining and concurring with whatever acts of carelessness and negligence there might have existed on the part of defendants, and contributing as a proximate cause to the injury of plaintiff, and without which it would not have occurred."

Upon the issues thus joined, the case came to trial before Hon. Ralph T. Wilson, Special Judge, and a jury, at the October, 1930, term of the Court of Common Pleas for Union County, and resulted in a verdict in favor of the plaintiff against the Highway Department alone.

At the conclusion of the testimony, defendant's counsel moved for nonsuit upon the grounds, that the only inference which could be gathered from the testimony was that plaintiff was injured through his own negligence; and upon the further ground that there is no testimony showing that the highway truck, at the time plaintiff was injured, was actually engaged in the construction or repair of the state highways. The motion was denied.

At the conclusion of all of the testimony, defendant's counsel moved for a directed verdict for defendants on the ground that there was no evidence that the Highway Department truck or motor vehicle was actually engaged in the construction or repair of a highway at the time this accident happened. This motion was denied.

The verdict of the jury was in these words:

"We the jury in the case of *Jim Greer v. South Carolina State Highway Department,* defendant, render a verdict in the sum of two thousand and no one hundredths, including hospital bill."

On inquiry the foreman stated that they intended to find against the Highway Department alone. No motion was made to reform the verdict. Thereupon counsel for defendants moved for a new trial on the following grounds:

(1) The verdict of the jury is indefinite and uncertain, and does not express the intentions of the jury.

(2) From the peculiar wording of the verdict, the amount of damages found against the defendants cannot be determined.

(3) The verdict is fatally defective, in that it does not express the title of the action; only one defendant being named.

(4) The jury having found that there was no negligence on the part of the defendant Gilliam, it logically follows that the State Highway Department was without negligence and a verdict against the State Highway Department alone is contrary to law.

This motion, also, was denied.

The appeal is from the several orders denying the motions for nonsuit, directed verdict, and new trial, and from the judgment entered on the verdict.

In the judgment of the Court the two cardinal questions presented to it by the appeal are these: Was the truck, which it is admitted inflicted the injury on plaintiff, at the time of the occurrence actually engaged in the construction or repair of any of the state highways? Can the verdict against the State Highway Department alone stand?

The evidence is uncontradicted that defendant Gilliam was in the employ of the State Highway Department as superintendent of construction for Union County. At the time of the collision which injured plaintiff, he was driving from the office of the department

in the City of Union to dinner at his home in the city, in the truck of the department, which was furnished him for his use as such supervisor of work. It is contended that, inasmuch as he was using the truck to take him to dinner, it was not then engaged in the construction and repair of a highway. Under the terms of the Act of 1928, which gives a person injured by a motor vehicle of the State Highway Department the right to sue for damages for such injury, in a suit to recover such damage it must be shown as a condition precedent to the maintenance of the action that the motor vehicle charged with inflicting the injury was at the time actually engaged in the construction or repair of a highway. The evidence shows that the places of work which Gilliam supervised were sometimes remotely separated, and were sometimes distant from his home; that, without the truck furnished him by the department, he would lose much time going from one place of work to another, and to and from his home for dinner. Its use saved time for the department, and enabled him to render more efficient service. In the case of *Robinson v. State Highway Department,* 159 S. C., 405, 157 S. E., 136, 137, a case similar in principle to this was decided. There a truck of the State Highway Department was carrying employees to work on the highway, and came in collision with plaintiff's automobile, inflicting injuries to the car of plaintiff for which he brought his action. Defendant, among other defenses, set up that the department truck was not actually engaged in the construction or repair of a highway. The Circuit Judge held otherwise, and sent the case to the jury, who found for plaintiff. On appeal the Supreme Court said:

"The case turns upon the meaning of the words 'actually engaged' as they are used in the Act. Those words have been defined often and variously by many Courts. The decisions, however, are not particularly helpful, for in every instance the definition given depended upon varied circumstances, and many other words used along with them. We

are impressed with the definition given in *Re Strawbridge,* 39 Ala., 368 (referred to in note 98, 1 C. J., 1187), where the Court said: 'The words "actually engaged," in common parlance mean "really or truly engaged"—engaged "in fact," and, according to the same law of common use, are the opposite or antithesis of "seemingly," or "pretendedly," or "feignedly engaged." '

"If the truck had been carrying sand to be used in the construction or repair of a state highway from a point one hundred feet distant from the highway, would it not have been 'actually engaged in the construction or repair of the highway'? We think so. If it had been carrying employees from that same point to place that sand, would it not have been so 'actually engaged'? We think so.

"If the truck had been carrying sand from Gaffney to a highway near Blacksburg to be placed on the highway would it not have been 'actually engaged in the construction or repair' of the highway? We think so.

"The employees were necessary in the work of construction or repair, else the Department would not have found it necessary to transport them to the place where the work was done. The employees had to be at the place of work. The Department used its truck to convey the employees from Gaffney to the highway near Blacksburg that they might there do the work of repair which was going on.

"The construction contended for by the appellant is, in our opinion, too narrow."

In the present case it was even more necessary that the superintendent of the work should have the means of quick transportation to and from his places of work than it was that laborers be transported, as in the *Robinson case.* He had supervision of all the work in the county relating to construction and repair of highways; it was his duty to supervise and direct the employees at work in the construction and repair of highways in different sections of the county. Realizing the necessity and expediency

of his having the means of quick transportation, the Highway Department furnished him with the motor truck. His hours for dinner were regulated by the Department, and were from 12 to 1 o'clock. He was on his way home to dinner in this truck at 12:10 o'clock when the injury to plaintiff occurred. It was his purpose to return to his work when he had had his dinner. In the light of the opinion in *Robinson v. State Highway Department, supra,* it would be too narrow a construction of the law to hold that the truck was not "actually engaged in the construction or repair of a highway" when the injury occurred.

The exception is overruled.

The more serious question in the case is that made by the exception which challenges the validity of the verdict which exonerates Gilliam, the employee of the State Highway Department, and the driver of the truck which inflicted the injury upon plaintiff, and holds the Highway Department alone liable, although they are sued as joint tort-feasors. Counsel for plaintiff realize that, where the master and servant are charged with the same joint acts of neglignce, and plaintiff's injuries are due to the acts of the servant, a verdict against the master alone is illogical and cannot stand.

In *Sparks v. A. C. L. Ry. Co.,* 104 S. C., 266, 88 S. E., 739, this was held as it is embodied in the syllabus: "Where a railroad conductor was charged with willfully pitching off of the train a trespassing boy, who was killed, a judgment against the railroad company alone, and in favor of the conductor, cannot be sustained, for both are joint tort-feasors, and the conductor was acting in a dual capacity, individually and as representative of the railroad company."

In *Jones v. Southern Railway Co. et al.,* 106 S. C., 20, 90 S. E., 183, the railway company was sued along with its agent and two assistant agents for damages for the bite of a cat which had rabies. On trial the Court directed a verdict in favor of the agent, and instructed the jury that they might find for or against any or all of the other defendants.

They found against the railroad company alone. The Court said on appeal: "Under the recent decisions in *Sparks v. Railroad Co.*, 104 S. C., 266, 88 S. E., 739, and *Jenkins v. Railroad Co.*, 89 S. C., 408, 71 S. E., 1010, the verdict is illogical and cannot stand, as no delict of the company was proved other than through and by the agency of Parks and Gilliard, one or both. The company's liability is predicated solely upon the acts or omissions of one or both of them; and if neither of them is liable, it necessarily follows that the company is not. It would be unreasonable to say that the servant did no wrong, but, nevertheless, his master is liable, when the only wrong charged against the master is that of the servant."

In *Durst v. So. Ry. Co.*, 130 S. C., 165, 125 S. E., 651, the Court said: "It will not be necessary to consider any of the exceptions other than that portion of the 12th, which assigns error to the Circuit Judge in charging that the jury could find a verdict against the railway company alone. From his ability and learning it must be assumed that the Circuit Judge was familiar with the established rule in this State, that in an action against the master and servant jointly, based solely upon the negligence of the servant, a verdict against the master alone will not be allowed to stand."

In *Johnson v. A. C. L. Ry. Co. et al.*, 142 S. C., 125, 140 S. E., 443, it was held that: "Where master and servant are sued together for the same act of neglignce or willful tort, and master's liability rests solely on servant's conduct, verdict against master alone is illogical and cannot stand."

In *Weeks v. Carolina Power & Light Co.*, 156 S. C., 158, 153 S. E., 119, 121, this was said by this Court, and is the latest utterance on the subject: "Undoubtedly, as the appellant contends, the law is that where a master and his servant are sued together for the same act of negligence or willful tort, and the master's liability rests solely on the servant's conduct, a verdict against the master alone is illogical and cannot stand."

Realizing the controlling effect of these decisions, counsel for plaintiff undertake to show that an element in the case, which tends to prove the separate and sole negligence of the Highway Department in the matter of the brakes on the truck, takes this case out of the established rule, and justifies the separate verdict against the Highway Department. The contention is that the brakes were unsound, were defective, and that the duty of keeping them in proper order rested upon other employees of the Highway Department than the defendant Gilliam. Both of these contentions rest upon conjecture. We cannot find support for them in the evidence. Counsel rest their claim that the brakes were out of order upon a supposed admission made by Gilliam to Mr. Mitchell that the brakes were out of order. The record does not sustain this argument. Mr. Mitchell does say (folio 136) : "The first I knew I saw Mr. Gilliam reach down for his hand brakes."

At folio 141 he said: "He (Gilliam) came over next day to get me to sign a paper, and he told me he reached for his hand brakes, but there was no sign of a tire being slid on the pavement at all."

Gilliam denies that he made the statement ascribed to him. But, concede that he did, here is no proof of defective brakes. It may well be argued that in reaching for the brakes, in the excitement of the emergency which was upon him, he missed grasping and applying them. But, it is argued, there was no evidence upon the pavement of skidding tires. That may well be on a hard pavement, and with a car going down a declivity. It does not seem to us that it is evidence of defective brakes.

Moreover, it would appear that the testimony of this witness, Mitchell, in this connection, cannot be used against the Highway Department. When this witness was asked about it, this occurred:

"Q. What did Mr. Gilliam say about his brakes when he

got back? A. I don't remember what he said then, but he came back to the shop next day," etc.

"Mr. Humphrey: That is too long afterward.

"Mr. Barron: He is one of the defendants in the case.

"The Court: What have you to say to that?

"Mr. Humphrey: It might be competent as to Mr. Gilliam, but not as to the Highway Department.

"The Court: That is correct."

The witness then stated that Gilliam said he reached for his hand brakes, and witness added: "There was no sign of a tire being slid on the pavement at all."

We can find no evidence that Gilliam ever admitted that the brakes were out of order. That they were defective is mere conjecture, and not evidence to go to the jury.

Counsel assume that the brakes were defective, and assume that it was the duty of some employee of the Highway Department other than the defendant Gilliam to keep them in repair. There was no evidence to that effect. It is in evidence that the truck was in the exclusive possession of Gilliam for his own use in connection with his employment by the Highway Department. The rational assumption would be that it was the duty of Gilliam to keep it in repair.

There is no proof of any negligence on the part of the Highway Department—independent of the acts and conduct of its employee, Gilliam. The effort to hold the department for its negligence rests solely upon conjecture.

"The cause of the accident is purely · conjectural. * * * A servant cannot recover where it is merely a matter of conjecture, surmise, speculation, or supposition whether the injury was or was not due to the negligence of the master." *Green v. Southern Ry., 72* S. C., 398, 52 S. E., 45, 47, 5 Ann. Cas., 165.

"Verdicts cannot rest upon guess or conjecture. It is the duty of the plaintiff to prove negligence affirmatively." *Klein v. Beeten,* 169 Wis., 385, 172 N. W., 736, 738, 5 A. L. R., 1237.

It is apparent that there was no evidence of negligence on the part of the Highway Department, independent of the acts and conduct of its employee and codefendant, Gilliam. In such circumstances the verdict against the Highway Department alone was illogical, and constitutes reversible error.

We think there is no merit in the issues made by Exceptions 2 and 4. The issues made by Exceptions 1, 3, 5, 6 and 7 are covered by what is said above, and they are sustained.

The judgment of the Circuit Court is reversed, and the case is remanded to that Court for a new trial.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.