13401

CHERRY v. SINGER SEWING MACHINE CO. *ET AL.*

(164 S. E., 126)

452

*Messrs. J. N. Frierson* and *Lide & Felder,* for appellant,

*Mr. W. B. Martin,* for respondent,

May 4, 1932.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Fred Cherry and Lucile S. Cherry, his wife, brought action in the County Court of Orangeburg County demanding damages for the alleged unlawful seizure and conversion of a sewing machine, then in the possession of Lucile S. Cherry. After trial of the case Fred Cherry died. Lucile Cherry was appointed administratrix of his estate, and by proper order was, as such administratrix, substituted in his stead.

The action was brought against Singer Sewing Machine Company and S. L. Dantzler. The complaint alleged that on the 19th day of January, 1931, Lucile Cherry was in possession of the sewing machine therein described, upon which she owed to Singer Sewing Machine Company a balance of $16.00. That on that day the defendants acting jointly and concurrently and also severally, willfully, wantonly, maliciously, negligently, and in a high-handed and unlawful manner, entered plaintiffs' home against their protest, took and carried away the sewing machine which they converted to their, or his, or its use. They asked for damages in the sum of $3,000.00. The answer of the defendants was a general denial. The case was heard by Judge Moss and a jury, and resulted in a verdict against Singer Sewing Machine Company *alone* for $644.00; $44.00 actual and $600.00 punitive damages.

Motions were made by defendants for directed verdict, and for new trial, which were denied. This appeal followed.

Numerous questions are made by the appeal touching upon conversion, title to chattels after condition broken, the form and nature of the verdict, and other things. As the case must go back for trial, we deem it best to consider and discuss only that issue upon which we hold that the judgment below must be reversed.

That issue is made by Exception IV, which alleges error on the part of the presiding Judge in refusing to grant the motion for new trial because the verdict

is against the master, Singer Sewing Machine Company *alone,* while the servant whose conduct is alleged to have given ground for action is held blameless of any wrongdoing. The proof shows that Dantzler as the agent of Singer Sewing Machine Company seized the machine.

This exception is sustained. The defendant corporation could only act through its agent. If the agent did nothing which subjected him to liability while acting in and about the corporation's business, it is illogical to hold the master in damages, either actual or punitive, for the conduct of the agent. In this case the jury exonerated the agent but held the principal guilty of negligence and willfulness and wantonness, although the principal did nothing except through the agency of its codefendant, Dantzler.

Such a verdict is contrary to the settled law of this State.

"Where a master and his servant are sued together for the same act of negligence or willful tort, and the master's liability rests solely on the servant's conduct, a verdict against the master alone is illogical and cannot stand." *Weeks v. Carolina Power Co.,* 156 S. C., 158, 153 S. E., 119, 121. Citing *Johnson v. Atlantic Coast Line R. R. Co.,* 142 S. C., 125, 140 S. E., 443, 445 and cases there cited.

Again, from the *Johnson case, supra,* this is taken: "At this time, we think it only necessary to say that, in so far as those cases are applicable to the main proposition we have before us at this time for determination, this one important principle runs through all of them, to wit: *That, when the master and the servant are sued together for the same act of negligence or willful tort, and the master's liability rests solely upon the servant's conduct, a verdict against the master alone is illogical and cannot stand.* This seems to us to be a reasonable and proper rule, for it is an inconsistent declaration on the part of the Court to say that, while the servant is without blame in his conduct yet, because of that same conduct, the master is to be held blamable."

"It will not be necessary to consider any of the exceptions other than that portion of the 12th, which assigns error to the Circuit Judge in charging that the jury could find a verdict against the railway company alone. From his ability and learning it must be assumed that the Circuit Judge was familiar with the established rule in this State, that in an action against the master and servant jointly, based solely upon the negligence of the servant, a verdict against the master alone will not be allowed to stand." *Durst v. So. Ry. Co.,* 130 S. C., 168, 125 S. E., 651, citing *Sparks v. Railroad Co.,* 109 S. C., 145, 95 S. E., 344; *Jones v. Southern Ry. Co.,* 106 S. C., 20, 90 S. E., 183; *Sparks v. Railroad Co.,* 104 S. C., 266, 88 S. E., 739.

In the *Sparks case,* 104 S. C., 266, 88 S. E., 739, the Court said this: "Where a railroad conductor was charged with willfully pitching off of the train a trespassing boy, who was killed, a judgment against the railroad company alone, and in favor of the conductor, cannot be sustained, for both are joint *tort-feasors,* and the conductor was acting in a dual capacity, individually and as representative of the railroad company."

In *Jones v. So. R. Co.,* the Court, where the verdict was against the railroad alone, said: "Under the recent decisions in *Sparks v. Railroad Co.,* 104 S. C., 266, 88 S. E., 739, and *Jenkins v. Railroad Co.,* 89 S. C., 408, 71 S. E., 1010, the verdict is illogical and cannot stand, as no delict of the company was proved other than through and by the agency of Parks and Gilliard, one or both. The company's liability is predicated solely upon the acts or omissions of one or both of them; and if neither of them is liable, it necessarily follows that the company is not. It would be unreasonable to say that the servant did no wrong, but, nevertheless, his master is liable, when the only wrong charged against the master is that of the servant."

"The more serious question in the case is that made by the exception which challenges the validity of the verdict which exonerates Gilliam, the employee of the State High-

way Department, and the driver of the truck which inflicted the injury upon plaintiff, and holds the highway department alone liable, although they are sued as joint *tort-feasors*. Counsel for plaintiff realize that, where the master and servant are charged with the same joint acts of negligence, and plaintiff's injuries are due to the acts of the servant, a verdict against the master alone is illogical and cannot stand." *Greer v. Highway Department,* 160 S. C., 510, 159 S. E., 35, 37.

In the case now at bar the counsel for respondent seeks to counter against this position by the argument that Singer Sewing Machine Company and Dantzler are sued severally as well as jointly. That is true, but the evidence shows that the only acts relied upon to sustain the plea of tortious seizure and conversion are those of Dantzler done in connection with the taking possession of and sale of the sewing machine. There is no dispute that the sewing machine company had a chattel mortgage on the machine, the condition of which was broken. It was lawful for it to take the machine in its possession. It delegated that duty to Dantzler. If in the discharge of it Dantzler committed tortious acts, it was unreasonable to exonerate him thereof and hold the sewing machine company liable therefor in damages. The verdict of the jury, in effect, said that Dantzler did no wrong in taking possession of the machine which rendered him liable in damages; but that the Singer Sewing Machine Company was liable in actual as well as punitive damages for the acts of Dantzler which the jury said were not tortious.

"It is the well-settled law of this State that, after condition broken under a chattel mortgage or title retention contract, the title, as well as the right to possession of the property covered thereby, immediately unite in the mortgagee or seller. He then can retake the chattel either peaceably or by claim and delivery proceedings. Under such circumstances an action for conversion of the property retaken, of course, would not lie. All the authorities sustain this proposition."

*Lee v. Nat. Furn. Stores, Inc.,* reported in 163 S. C., 204, 161 S. E., 450, 451.

This case is easily distinguished from that of *Mims v. Bennett,* decided by this Court April 10, 1931, and reported in 160 S. C., 39, 158 S. E., 124.

In that case there was a tortious seizure under a void forged mortgage. Properly the holder of the forged mortgage, at whose instance the tortious seizure was made, was held liable in a verdict against him alone.

The verdict against the master alone was sustained in the case of *Powers v. Standard Oil Co.,* 53 S. C., 358, 31 S. E., 276, because there were separate specifications of negligent acts against the master not chargeable to nor participated in by the servants, and evidence in support of them.

In this case the pleadings and proof show that it is an action against the principal and agent resulting from the alleged tortious acts of the agent. In such case a verdict against the principal alone cannot stand.

The judgment of the lower Court is reversed, and the case is remanded for new trial.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Carter concur.