14063

PETTIS v. STANDARD OIL COMPANY OF N. J. *ET AL.*

(179 S. E., 894)

*Messrs. Buist & Buist,* for appellant,

*Messrs. Robert McC. Figg, Jr.,* and *M. L. McCrae,* for respondent,

May 14, 1935.

The opinion of the Court was delivered by MR. G. B. GREENE, ACTING ASSOCIATE JUSTICE.

.This is an action for damages for personal injuries and was brought by respondent, James W. Pettis, against appellant, Standard Oil Company of New Jersey, and H. D. Jones.

During the month of March, 1929, and for some time prior thereto, respondent was employed by appellant as night watchman at its Brigade Street plant, at Charleston, S. C. In addition to his duties as watchman, it was also respondent's duty to get up steam on the boilers every morning. for the day fireman. H. D. Jones was superintendent of said plant, and it was under his supervision that respondent was working. On March 13, 1929, at 5:30 o'clock a. m., respondent, in the performance of his duties, started the fire in the furnace of one of the boilers, and then proceeded to

look after other duties. Within a short time he heard a noise which indicated to him that the fire had gone out, leaving the fuel oil flowing, which in a short time, owing to the presence of live coals in the furnace, would cause an explosion. In order to prevent this, respondent returned to the boiler room, and was in the act of cutting off the flow of oil when an explosion occurred and severely injured him.

In his complaint respondent alleged that "the injuries of the plaintiff were due to and caused by the joint and concurrent carelessness, negligence, recklessness, willfulness and wantonness of the defendants, their agents and servants." Then followed numerous specifications of negligent and willful acts and omissions with which appellant and Jones were jointly charged. Jones' separate answer and the first defense set up in appellant's answer were identical, both of them denying that they were guilty of any negligence or willfulness, as alleged in the complaint, or liable in any way on account of the injuries sustained by respondent. Appellant's answer contained also several additional defenses, but we are not concerned with them, as will appear later.

The case came on for trial at Charleston, before Hon. C. C. Featherstone, presiding Judge, and a jury. At the conclusion of the testimony the record shows the following: "Upon inquiry by the Court plaintiff's counsel stated that there were only two specifications of negligence to go to the jury which are the unsafe condition of the boilers and the unsafe character of the fuel, in other words an unsafe place in which to work and unsafe appliances with which to work. The case will therefore be submitted to the jury on those two specifications of negligence."

The jury found a verdict in favor of respondent against Standard Oil Company of New Jersey alone. From judgment entered on this verdict appellant appeals to this Court upon exceptions which raise but a single question, which as stated in appellant's argument, is: "The sole question involved in this appeal is the question of the propriety of a

verdict rendered in accord with the charge of his Honor, the trial Judge, that found the corporate defendant liable and absolved the individual defendant from liability."

It is settled law in this State that, when the master and servant are sued together for the same act of negligence, or willful tort, and the master's liability rests solely upon the servant's conduct, a verdict against the master alone is illogical and cannot stand. *Johnson v. A. C. L. Railroad Co.,* 142 S. C., 125, 140 S. E., 443; *Kirby v. Gulf Ref. Co.,* 173 S. C., 224, 175 S. E., 535; *Cherry v. Singer Sewing Machine Co.,* 165 S. C., 451, 164 S. E., 126; *Greer v. State Highway Dept.,* 160 S. C., 510, 159 S. E., 35; *Durst v. Railway Co.,* 130 S. C., 165, 125 S. E., 651; *Jones v. Railroad Co.,* 106 S. C., 20, 90 S. E., 183; *Sparks v. Railroad Co.,* 104 S. C., 266, 88 S. E., 739, and *Jenkins v. Railway Co.,* 89 S. C., 408, 71 S. E., 1010.

It is also well settled by the authorities that if a delict be charged against both the master and servant, or against the master and servant and other agents or servants of the master, and it is shown by the evidence that the delict could have been committed by the master through some other servant than the servant sued with the master, a verdict against the master alone may be rendered. *Howell v. Sou. Ry. Co.,* 114 S. C., 21, 102 S. E., 856; *Weeks v. Carolina Power & Light Co.,* 156 S. C., 158, 153 S. E., 119; *Rhodes v. Sou. Ry. Co.,* 139 S. C., 139, 137 S. E., 434; *Carter v. Railroad Co.,* 93 S. C., 329, 75 S. E., 952; *Ruddell v. Railway Co.,* 75 S. C., 290, 293, 55 S. E., 528; *Miller v. Railroad Co.,* 140 S. C., 123, 138 S. E., 675; *Piner v. Standard Oil Co.,* 163 S. C., 302, 161 S. E., 504; *Beauchamp v. Winnsboro Granite Co.,* 113 S. C., 522, 101 S. E., 856; *Donald v. Railroad Co.,* 117 S. C., 4, 108 S. E., 180.

In the fourth paragraph of the complaint, from which we quoted above, it was alleged that "the injuries of the plaintiff were due to and caused by the joint and concurrent carelessness, negligence, recklessness,

willfulness and wantonness of the defendants, their agents and servants. * * * " This allegation showed that respondent was charging negligence to appellant through more than one agent and servant, and through agents and servants other than Jones, as well as through Jones.

There was evidence to the effect that the smoke doors of the furnace had become bent, warped, and ill fitting so as to allow air to enter the furnace through said doors and above the flame of the oil burning therein, thereby interfering with the draft and causing imperfect combustion of the oil and allowing the accumulation of vapors and gases, which gave rise to the danger of an explosion. Respondent testified that he complained to Jones about the defective condition of the smoke doors, and that when Jones looked at them he said "they had no time or money to fix it and it was all right and to go ahead." From this statement the jury might have inferred that the defective condition of said doors was not due to negligence on the part of Jones, but to negligence of appellant through other agents or officers in not authorizing the time or providing the money to correct said conditions.

There was evidence to the effect that the fuel being used was mixed with "crank-case grease," which contained gasoline and other foreign substances, and that this mixture would give rise to the danger of an explosion. Respondent, when asked if he had anything to do with putting the oil in the storage tank from which it was fed to the furnace, answered: "No, sir, that was another man's job." Jones, when asked what fuel oil was being used in the furnace and whence it came, stated that it was known as "Standard Fuel," and that it came from the refinery. It might be inferred from his testimony that he had nothing to do with supplying the fuel oil and knew nothing of the "crank-case grease" mixture which one of appellant's witnesses, who was also an employee at said plant, said was used in the furnace. Jones as an individual was liable only for his own negligent acts or for acts of negligence in the commission

of which he participated. He was not the master; he was only the master's representative. Appellant, on the other hand, was the master, and as such charged with the nondelegable duty of furnishing respondent with a reasonably safe place in which to work and reasonably safe and suitable tools, appliances, and materials with which to do his work. There was evidence to the effect that there was a breach of this duty on its part, and that the breach could have occurred otherwise than through negligence on the part of Jones.

"Evidently the court fell into the error of regarding Heyward as the master, but he was not. He was only the representative of the master; and a representative of the master is not personally liable for the conduct of other agents or servants of the same master under him, unless he makes himself a participant therein in some way, either by actual participation, by directing their conduct, or otherwise." *Beauchamp v. Winnsboro Granite Corp.*, 113 S. C., 522, 527, 101 S. E., 856, 858.

For the foregoing reasons, it is our opinion that there was no error on the part of the presiding Judge in making the charge complained of, and we cannot say, therefore, that the verdict of the jury was illogical.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE STABLER, MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL, concur.