### 14421

CHAPMAN-STORM LUMBER CORP. v. MINNESOTA-SOUTH
CAROLINA LAND & TIMBER CO. *ET AL.*

(190 S. E., 117)

March, 1935.

See also 173 S. C., 357; 175 S. E., 852.

*Messrs. L. D. Lide, Legare Walker, Adam H. Moss* and *M. E. Zeigler,* for appellant,

*Messrs. W. C. Wolfe, Lide & Felder, Julian S. Wolfe,* and *C. E. Summers,* for respondent,

January 26, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

While the record in this case is voluminous, the principal issue raised by the execptions, which we shall now advert to, is comparatively simple, viz., The verdict in the case being against the defendant company alone, can the same be allowed to stand?

There were a number of defendants, other than Minnesota-South Carolina Land & Timber Company and W. H. Cook, originally joined in the case. When entering upon the trial of the case, defendants moved the Court to require the plaintiff (respondent) to elect as to whether it would proceed against the defendants as joint tort-feasors, or as several tort-feasors, and the Court held that under the statement of counsel for the plaintiff the cause of action was based upon an alleged joint tort, and that hence the plaintiff had already so elected.

At the conclusion of plaintiff's testimony, the defendants Colvin, Miller, and Holly Hill Lumber Company were granted a nonsuit on their motion, because they had nothing to do with cutting and removing of the timber, but were simply purchasers of a large quantity of the logs.

After the arguments of counsel and before the charge, plaintiff's attorneys, on their own motion, eliminated the defendants Baker and others, who, in cutting the timber, acted pursuant to instructions of the defendant Cook, the president of the defendant company. This left, as the only defendants against whom the jury might bring in a verdict, the defendant corporation and its president, W. H. Cook.

It has long been "settled that, where principal and agent or master and servant are sued together for the same act of negligence or willful tort, and the principal's or master's liability rests solely upon such agent's or servant's conduct, a verdict against the master alone is illogical, and cannot stand. The reason for the rule is perfectly apparent, for, if the agent or servant is without blame in his conduct, the principal or master cannot be held blameable because of that same conduct. *Johnson v. A. C. L. R. R. Co. et al.,* 142 S. C., 125, 140 S. E., 443; *Jones v. Southern Ry. Co.,* 106 S. C., 20, 90 S. E., 183; *Sparks v. A. C. L. R. R. Co.,* 104 S. C., 266, 88 S. E., 739; *Greer v. State Highway Department,* 160 S. C., 510, 159 S. E., 35; *Cherry v. Singer Sewing Machine Co.,* 165 S. C., 451, 164 S. E., 126.

The testimony shows that everything in connection with the cutting and removal of the timber was done by or through Cook, as president and general manager of the defendant. A corporation, being a fictitious person, can never act except through servants. It appears that Cook was the person who, for the corporation, decided upon the course of procedure which resulted in the alleged damages to the plaintiff, and that he was the actor in carrying out the decision. He caused the timber to be cut and removed, and was the sole agency by or through whom the alleged tort of trespass and conversion was committed. All others connected with the cutting were absolved from blame by the admission of plaintiff's attorneys that no cause of action had been made out against them and a request that they be eliminated.

The respondent takes the position that Cook, being the president of appellant (the defendant corporation), was not an agent or servant, but an officer, and was "the corporation"; and that his acts are the direct acts of the corporation itself, and therefore the doctrine of *respondeat superior* has no application. This position would be well taken had respondent elected to bring its action against the defendant corporation without joining Cook as a joint tort-feasor, but, having joined Cook as a party to the action and the jury having found that Cook did no wrong, then, if he was "the corporation," it follows as night follows day, that the corporation committed no wrong, and this Court would have to remand the case for entry of judgment in favor of appellant.

Quoting from appellant's brief: "* * * It is stated in 1 Labatt's Master and Servant, 16, 'The word "servant" is applied by jurists, as well as in common parlance, to employees of all ranks and grades from the highest to the lowest.' And Judge Dillon said in the case of *Fort v. U. P. R. Co.,* Fed. Cas. No. 4,952, 2 Dill. 259, that there should be placed in the category of servants 'all the officers of the corporation, in the long line of graduation from the president to the lowest.'"

Respondent urges that there was testimony which would warrant the jury in concluding that the appellant put Col. J. Monroe Johnson in charge of the cutting of the timber in question, and that it was done under his direction, and that therefore there was testimony as to delicts by representatives of the appellant other than its president, W. H. Cook. It is true that Col. Johnson testified to the effect that he acted in an official capacity with appellant, and that he directed the cutting of certain of the timber, having authority to give orders thereabout, but upon further cross examination the respondent's attorneys brought out from him that what he meant was that he inspected the timber and advised what trees he thought should be cut; that he simply

furnished information rather than orders; and that the timber that was cut was cut upon the orders of somebody else.

In addition to this, the testimony of Colonel Johnson is that he was employed by Cook, and whatever he did was under the instructions of Cook. His status, therefore, was not different from those doing the actual cutting of the trees.

When this testimony is considered as a whole, there is no basis for the contention of the respondent that the appellant was guilty of an independent delict through the instrumentality of Colonel Johnson. The advice he gave or what he did might affect to some extent the amount of the damage, but it does not form the basis of an independent delict, which would justify a verdict against appellant and not against Cook, its vice principal, agent, and servant.

The case of respondent was tried entirely upon the theory that appellant was liable because of the acts of Cook. This is best evidenced by the statement of counsel for respondent, upon which the trial Judge based his instruction to the jury that they could not find a verdict against any of the defendants except the appellant herein, and the defendant Cook

The respondent vigorously urges the proposition that the appellant and Cook were sued as principal tort-feasors and that as between them the doctrine of *respondeat superior* does not become applicable. We do not so view the case.

The acts of Cook were the acts of his employer and principal, the appellant herein. It is true one joint tort-feasor may indeed be acquitted where more than one joint tort-feasor is sued, but this rule must be limited by the statement that, where one joint tort-feasor is the sole agency through which the tort is committed, a verdict in favor of that tort-feasor will discharge all others, and, where an alleged tort is committed solely by the servant or agent, and such servant or agent has been absolved of all blame, the master or principal cannot be held liable. Of course, a verdict against the master or principal alone is permissible and will be sustained where the evidence is such that the

jury may reasonably conclude therefrom that the delicts were committed through the agency of some other servant not joined as a defendant. *Beauchamp v. Winnsboro Granite Corp.,* 113 S. C., 522, 101 S. E., 856.

Respondent has cited and referred to a number of cases where a verdict has been allowed to stand against the master or principal alone, but none where the delicts complained of were committed solely by the servant joined in the action as a joint tort-feasor.

There is no confusion in the law. Any confusion which may arise comes from an application of the law to the facts of the particular case being decided.

The question in this case is not as to the form of the verdict. The verdict, under the facts of this case and the law as charged, was complete and not subject to being reformed in any particular. It is a matter of substance and not of form, whether it can stand in the face of the testimony in the case.

A careful reading of the entire record and consideration of the previous decisions of this Court on the point involved leads to the conclusion that Exceptions 2 and 3 should be sustained.

It is not deemed material to give any special consideration to Exception 1, by which it is alleged that the Circuit Judge erred in overruling appellant's motion in arrest of judgment. Even if there had been no motion for a new trial, and the question involved had only been made by the motion in arrest of judgment, yet on that motion the Circuit Judge had the right to grant relief by way of a new trial (*McMeans v. Calhoun,* 1 Nott & McC. [10 S. C., Law] 422; *Pratt v. Thomas,* 2 Hill [20 S. C., Law], 654), and, since that is the relief to which we think appellant was entitled, and the effect of the conclusions we have stated is to grant that relief, any further consideration of the propriety of the motion in arrest of judgment becomes academic.

Exception 5 alleges prejudicial error in allowing, over the objection of appellant, the introduction in evidence of letter from respondent to appellant, of date July 23, 1932. It appears from the record that a final ruling by the trial Judge as to the admissibility of this letter was not made, and we therefore cannot pass upon this exception. *Armstrong v. A. C. L. R. R. Co.,* 137 S. C., 113, 133 S. E., 826, 48 A. L. R., 482.

Reversed and remanded for a new trial.

MESSRS. JUSTICES BONHAM and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE A. L. GASTON concur.

MR. CHIEF JUSTICE STABLER dissents.

MR. CHIEF JUSTICE STABLER (dissenting) : I regret that I am unable to concur in the very strong opinion of Mr. Justice Baker. I think that the testimony of Colonel J. Monroe Johnson, who was not made a party to the action, but who acted, according to his testimony, for and at the direction of the defendant company in the cutting of the timber which the plaintiff alleges was converted, is sufficient, under applicable principle of law, to sustain the verdict of the jury as rendered. Colonel Johnson testified that he ordered and directed, with authority to do so, the timber to be cut, and that he acted in an official capacity with the Minnesota people. The fact that he may have received, as testified to by him, the instructions of the company through Cook, its president, against whom the jury did not find a verdict, would not seem to affect the question. Corporations can act only through their officers and agents.