## Case No. 4,952.

FORT v. UNION PAC. R. CO.

[2 Dill. 259;[1] 11 Am. Law Reg. (N. S.) 101.]

Circuit Court, D. Nebraska. Nov. 10, 1871.[2]

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[2] [Affirmed in 17 Wall. (84 U. S.) 553.]

Redick & Briggs, for plaintiff.

A. J. Poppleton and E. Wakeley, for defendant.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. ■ In support of the motion for a new trial, it is urged by the defendant's counsel that the court erred in that portion of the second division, its charge to the jury commencing with, "But I draw this distinction," and ending with the words, "for, in such a case, they are not, in any proper sense, 'fellow servants' in the same common service." I fully appreciate the difficulties that surround the question here presented, and I do not feel certain that this particular case can be discriminated from those in which it is held that the common employer of two servants is not liable to one for the act or negligence of the other in the course of the common employment.

Considering, however, the peculiarities of the case,—the tender age and inexperience of the servant injured, the specially hazardous, extraordinary service which was demanded of him, and that the superior servant, who ordered the boy to perform it, was in the course of his proper duties, and that the injury resulted directly from his negligent and wrongful command, I do not think that it justly falls within the principle which disentitles a servant to recover from the master for an injury caused by the negligence of a co-servant in the same common service. At all events, it is my clear and fixed conviction, that, upon reason, principle and public policy, the employer ought to be, in such a case as the present, responsible civilly for the act of the servant whose neglect and wrongful conduct caused the injury. I do not intend to elaborate my views, nor enter upon a discussion of the authorities. I am aware of the great extent to which the general rule has been carried by the courts—particularly by the courts of England. I place my judgment upon this ground: Collett, in superintending the repair of the belt attached to the machinery, was in the discharge of a duty entrusted to him by the corporation, and in the performance of that duty he, and he alone, at that time, represented the corporation, which, in contemplation of law, was there present in his person, and when he ordered, without due and reasonable care and reflection, the boy to perform a service attended with so much danger, and one which involved a risk not within his ordinary duties and employment, the company ought to be held liable for the wrong the same as if, under the like circumstances, the same act had been required of the boy by an individual employer. True, Collett was a servant of the company, but so was Ballou the general foreman of the shop, and so was Gamble the superintendent, and so are all the other officers of the corporation in the long line of gradation from the president to the lowest. If the company is not responsible for the wrongful act of Collett, it would not be had the same act been done by the foreman of the shop, by the superintendent of the car department, or even by the president of the company himself. Here was dangerous machinery in operation; here was a service, dangerous in its nature, to be performed. Public policy requires that the master, where the safety of a person of tender years and inexperience is concerned, if, indeed, in any case, should not be able to abdicate his duty, or to shift upon another his liability, and this he is enabled effectually to do if he is not liable for the tortious act and neglect of his own servant, and his only representative in connection with the service which was required of the boy. Without denying the general rule, our conclusion is that it should not be extended to this case. On the trial it was contended by the

defendant that the jury could in this action only consider and allow for such damages as had happened when the action was brought, while the plaintiff maintained that the jury might take into consideration all the damages that had been sustained up to the day of trial. On this point the court charged as requested by the plaintiff, and there is little doubt that this was a view sufficiently favorable to the defendant. It has been held, indeed, that, in proper cases, damages prospective in their nature, but certain to result from the wrongful act, may be considered and allowed, when they do not form the basis of a new action. Wilcox v. Plummer, 4 Pet. [29 U. S. ] 172; cases cited, 2 Greenl. Ev. §§ 268a, 268b.

Judgment will be entered upon the verdict for the sum of $3,056.58.

Judgment accordingly.