314 So.2d 595 (1975)
TRAFALGAR TOWERS ASSOCIATION #2, INC., a Florida Corporation, Not for Profit, et al., Appellants,
v.
Lilyan ZIMET et al., Appellees.
No. 74-966.
District Court of Appeal of Florida, Fourth District.
June 13, 1975.
*596 Douglas C. Kaplan, Douglas C. Kaplan & Associates, Hollywood, for appellants.
Joseph S. Paglino, Law Office of Joseph S. Paglino, Miami, for appellees.

ON REHEARING
MAGER, Judge.
Pursuant to an order of this court granting appellant's petition for rehearing and oral argument thereon and upon further examination we are of the view that the previously rendered per curiam opinion affirming the final judgment of the trial court should be withdrawn. In rendering that opinion this court overlooked and failed to fully consider significantly controlling provisions contained in Chapter 711, F.S., the Florida Condominium Act.
The instant appeal involved the question of whether a condominium association is authorized to purchase one of its condominium units and assess its members for the cost of such acquisition. The plaintiffs-appellees (several condominium unit owners) filed a complaint for declaratory and other relief against the defendants-appellants (the condominium association and its president) contending in effect that there was no statutory or other authority for an assessment to be imposed upon the members of the condominium association for the purchase of an apartment by the association.
The record reflects that the condominium association, pursuant to a majority vote of those unit owners in attendance,[1] adopted a resolution authorizing the association to purchase one of the condominium units. The purpose of such purchase was to provide an apartment for the association's resident superintendent thereby making such individual available "for emergencies in the common elements or in individual apartments 24 hours a day". The notice of the special meeting reflected the purpose of the proposed purchase and stated in part as follows:
"Andre Frechette, who has been our chief engineer and superintendent for the past two years, will be retained as our resident superintendent. He must have an apartment. At present he is living on a boat. We know that he has been offered other positions and that he will take one that includes an apartment *597 if we do not provide it. Andre would be most difficult to replace. He is qualified as electrician, carpenter and plumber. Indeed, he can do as well as the best worker, anything in the building trades. If we were to lose Andre, we would have to give contracts to outside concerns for necessary work. This would entail large expenditures."
The notice also reflected that a portion of the purchase price to be paid by the association would come from surplus funds and that a portion of the purchase price would become a one-time assessment to be paid by the individual owners.
The trial court in its final judgment found that the assessment intended to be imposed upon the unit owners was "in direct violation of F.S. 711.14" and that "the special assessment as levied is void and improper". The trial court's order directed that the money raised be returned to the unit owners and that the association be enjoined from completing the purchase transaction.
Section 711.12, F.S. provides in part that the operation of the condominium shall be by the condominium association and that the powers and duties of the association are those set forth in the condominium law, the declaration of condominium and the by-laws of the association. Section 711.12(1) and (4). Specifically, section 711.12(6) provides that the association "shall have the power to make and collect assessments, and to lease, maintain, repair and replace the common elements." Maintenance of the common elements is declared to be the responsibility of the association. Section 711.13(1).
In addition to the liability of a unit owner for all assessments the condominium act declares that unit owners are liable for a proportionate part of payment of common expenses. Sections 711.15(1) and 711.14(2). Section 711.14(1) defines common expenses as follows:
"(1) Common expenses shall include the expenses of the operation, maintenance, repair, or replacement of the common elements, costs of carrying out the powers and duties of the association and any other expense designated as common expenses by this law, the declaration or the bylaws."
The authority to purchase units is set forth in section 711.12(8) as follows:
"(8) The association, whether or not incorporated, shall have the power unless prohibited by the declaration of condominium, articles of incorporation, or by-laws of the association, to purchase units in the condominium and to acquire and hold, lease, mortgage and convey the same."
An examination of the articles of incorporation and the declaration and by-laws of the association fails to reflect any pertinent provision inconsistent with any of the aforementioned statutory powers, duties and responsibilities.[2]
It is clear from a reading of the foregoing provisions in their entirety, that the "cost of carrying out the powers and duties of the association" includes those costs incurred in connection with the maintenance of the common elements. The hiring of a resident manager (superintendent) to service the common elements and the purchase of a condominium unit to house the resident manager in furtherance of the association's duty to maintain the common elements is not "in direct violation of F.S. 711.14"; and a special assessment levied for the aforementioned purpose is not "void and improper".
*598 It should be pointed out that the only issue presented in this appeal is the power and authority of an association to acquire a condominium unit and to levy an assessment therefor. We have neither considered nor decided any question regarding the reasonableness of the association's action or the reasonableness of the amount of the assessment. Cf. Hidden Harbour Estates, Inc. v. Norman, Fla.App. 1975, 309 So.2d 180. These issues apparently were not before the trial court.
Accordingly, the final judgment is reversed and the cause remanded for further proceedings consistent herewith.
OWEN, C.J., and CROSS, J., concur.
NOTES
[1] The results of the vote taken at the meeting on the proposal was: 86 in favor and 23 opposed.
[2] We do not deem the language contained in sec. 711.121 when read in conjunction with the declaration and by-laws, as restricting the association from purchasing a unit in the condominium. On the contrary, section 711.12 (8) specifically authorizes the condominium association to purchase units, unless prohibited by the declaration, which prohibition is not reflected in the instant declaration of condominium and other pertinent documents.