416 So.2d 823 (1982)
TIFFANY PLAZA CONDOMINIUM ASSOCIATION, INC., a Florida Nonprofit Corporation, Appellant,
v.
Mr. and Mrs. C.O. SPENCER, Jr., Mr. and Mrs. Richard Etsell, Mr. and Mrs. Stanley Weinberg, Mr. and Mrs. Derek Hogg, Mr. and Mrs. Peter Mills, Mr. and Mrs. Fred Empkie, and Mrs. Hildegard V. Arronett, Appellees.
No. 81-1657.
District Court of Appeal of Florida, Second District.
May 26, 1982.
Rehearing Denied July 16, 1982.
Robert L. Moore of Kanetsky, Moore, DeBoer & Horlick, P.A., Venice, for appellant.
C. Anthony Sexton of Hill, Hill & Dickenson, Tampa, for appellees.
CAMPBELL, Judge.
Appellant, Tiffany Plaza Condominium Association, Inc., defendant below, is an association organized pursuant to chapter 711, Florida Statutes (1974 Supp.), and the Declaration of Condominium of Tiffany Plaza Condominiums entered into in July 1975. Tiffany Plaza Condominium is a forty-two unit residential condominium located at Longboat Key, Florida. Appellees, plaintiffs below, are the individual owners of six of the residential units in the condominium. Their action in the trial court was to prevent the collection of an assessment imposed upon them by the association for construction of a rock revetment on the sand and beach between the condominium and the mean high-water line of the Gulf of Mexico. The beach between the condominium and the mean high-water line is a "common element" of the condominium as defined in the declaration of condominium and chapter 711, Florida Statutes (1974 Supp.), and its successor statute, chapter 718, Florida Statutes (1981).
At an annual meeting on February 7, 1981, a vote regarding construction of the rock revetment was taken by members of the association. Thirty-two voted for and eight voted against. Two members were absent. The board of directors of the association then voted to assess all members for their pro rata share of the cost of constructing the rock revetment. Appellees objected and filed their action seeking an exemption from payment by reason of article 5.2(b) of the declaration of condominium. The association defended on the basis that the rock *824 revetment was not an alteration or improvement of a common element as contemplated by article 5.2(b), but was part of the maintenance, repair and replacement of a common element which the association had responsibility for under several provisions of the declaration, bylaws and statutes.
The trial court's final order found for appellees, holding that article 5.2(b) of the declaration of condominium "prohibits any alteration or improvement of the common elements for any reason, including but not limited to the maintenance of the common elements, unless those unit owners who do not consent to the alteration or improvement are relieved from the initial cost thereof." We reverse.
Both parties urge the applicability of certain sections of chapter 718, Florida Statutes (1981). They argue and we agree that there is no essential difference between the relevant sections of chapter 718, Florida Statutes (1981), and chapter 711, Florida Statutes (1974 Supp.), in effect at the time of the adoption of the declaration of condominium. The relevant parts of the declaration, bylaws and statutes are as follows:

Declaration of Condominium

2.6 Common expenses include

(a) Expenses of administration; expenses of maintenance, operation, repair or replacement of the common elements, and of the portions of apartments to be maintained by the Association.
(b) Expenses declared common expenses by provisions of this Declaration or the Bylaws.
(c) Any valid charge against the condominium as a whole.
... .
3.6 Common Elements: The common elements include the land and all other parts of the condominium not within the individual apartments. All common elements shall be available for use by all apartment owners without discrimination. Such use shall be without charge except where specifically authorized by this Declaration.
... .
4.5 Liability for Common Expenses or Limited Common Expenses: Each apartment owner shall be liable for a proportional share of the common expenses or limited common expenses, such share being the same as the undivided share in the common elements which is appurtenant to his apartment.
5. Maintenance, Alteration and Improvements: Responsibility for the maintenance of the condominium property and restrictions upon the alteration and improvement thereof, shall be as follows:...
... .
5.2 Limited Common Elements and Common Elements:
(a) By the Association: The maintenance and operation of the limited common elements and the common elements shall be the responsibility and expense of the Association.
(b) Alteration and Improvement: After the completion of the improvements included in the limited common elements and the common elements which are contemplated by this Declaration, there shall be no alteration nor further improvement of the limited common elements and common elements, without prior approval in writing of the record owners of the apartments; provided, however, that any alteration or improvement of the limited common elements or the common elements bearing the approval in writing of the record owners of not less than 75% of the common elements, and which does not interfere with the rights of any owners without their consent, may be done if the owners who do not approve are relieved from the initial cost thereof. The share of any cost not so assessed shall be assessed to the other apartment owners in the shares which their shares in the common elements bear to each other. There shall be no change in the shares and rights of an apartment owner in the common elements which are altered or further improved, whether or not the apartment owner contributes to the cost thereof. Nothing in this section shall contravene the rights as established in Section 3.2 hereof.
*825 6. Assessments: The making and collection of assessments against apartment owners for common expenses shall be pursuant to the Bylaws and subject to the following provisions:
6.1 Share of common expense: Each apartment owner shall be liable for the proportionate share of the common expenses, and shall share in the common surplus, such shares being the same as the undivided share in the common elements appurtenant to the apartments owned by him.
... .
9. Reconstruction or Repair after Casualty:
9.1 Determination to Reconstruct or Repair: If any part of the condominium property shall be damaged by casualty, whether or not it shall be reconstructed or repaired shall be determined in the following manner:
(a) Common element and limited common element: If the damaged improvement is a limited common element or common element the damaged property shall be reconstructed or repaired, unless it is determined in the manner elsewhere provided that the condominium shall be terminated.
... .
9.5 Assessments: If the proceeds of insurance are not sufficient to defray the estimated costs of reconstruction and repair by the Association, or if at any time during reconstruction and repair, or upon completion of reconstruction and repair said proceeds are insufficient, assessments shall be made against the apartment owners in the case of damage to limited common elements and common elements, in sufficient amounts to provide funds for the payment of such costs. Such assessments against apartment owners for damage to apartments shall be in proportion to the cost of reconstruction and repair of their respective apartments. Such assessments on account of damage to limited common elements and common elements shall be in proportion to the owner's share in the common elements.

Bylaws of the Association

ARTICLE 4  POWERS AND DUTIES OF THE BOARD OF DIRECTORS
4.1 Powers and Duties of the Board of Directors. All of the powers and duties of the Association existing under the Condominium Act, the several Declarations of Condominium, Articles of Incorporation and these Bylaws shall be exercised exclusively by the Board of Directors, its agents, contractors or employees, subject only to approval by apartment owners when such is specifically required.
4.2 Assessments. To make and collect assessments against members to defray the costs and expenses of the condominium properties. The Board may allocate or apportion to particular apartment buildings such costs and expenses as may be appropriate; and to make special assessments consistent with such allocation or apportionment.
4.3 Disbursements. To use the proceeds of assessments in the exercise of its powers and duties.
4.4 Maintenance. To maintain, repair, replace and operate the condominium properties.
... .
4.6 Reconstruction and Improvements. To reconstruct improvements after casualty and to further improve the condominium properties.

Chapter 718, Florida Statutes (1981)

718.103
(1) "Assessment" means a share of the funds required for the payment of common expenses, which from time to time is assessed against the unit owner.
... .
(6) "Common elements" means the portions of the condominium property not included in the units.
(7) "Common expenses" means all expenses and assessments properly incurred by the association for the condominium.
718.111
*826 (6) The association has the power to make and collect assessments and to lease, maintain, repair, and replace the common elements.
718.113 Maintenance; limitation upon improvement. 
(1) Maintenance of the common elements is the responsibility of the association. The declaration may provide that limited common elements shall be maintained by those entitled to use the limited common elements.
(2) There shall be no material alteration or substantial additions to the common elements except in a manner provided in the declaration.
Construing the declaration, bylaws and statutes as a whole, we conclude that article 5.2(b) of the declaration is not intended to relieve an objecting unit owner of the pro rata assessment for the cost of an alteration or improvement when it is reasonably necessary for the maintenance, repair or replacement of a common element. If, in the good business judgment of the association, such alteration or improvement is necessary or beneficial in the maintenance, repair or replacement of the common elements, all unit owners should equally bear the cost as provided in the declaration, bylaws and statutes. The trial court erred when it concluded that objecting owners should be relieved from the initial costs thereof even when the alteration or improvement was for the purpose of maintenance of the common elements.
From the cited provisions of the declaration, it is clear to us that the association could properly assess all unit owners for the replacement or repair of the beachfront common element if it was damaged by erosion or otherwise. Likewise, it seems to us that if, in the good business judgment of the association, alteration or improvement of the beachfront by the addition of a rock revetment would protect the beach from damage and the necessity of subsequent repair or replacement, then that cost also should be borne equally by all unit owners. Our holding should not be construed as finding that the construction of the rock revetment by the association was, in fact, necessary or that it would protect the beachfront from erosion or damage. That issue was not reached by the trial court because of its interpretation of article 5.2(b) of the declaration. The issues were submitted to the trial court on a stipulated statement of facts which set forth that both parties had experts who would testify on both sides of the issue regarding erosion and the necessity for a rock revetment. We feel that it may be necessary for the trial court to hear those witnesses to properly conclude that issue.
In Trafalgar Towers Association # 2, Inc. v. Zimet, 314 So.2d 595 (Fla. 4th DCA 1975), the court found that the hiring of a resident manager and the purchase of a condominium unit to house the resident manager was in furtherance of the association's duty to maintain the common elements of the condominium. This case is analogous to Trafalgar, and we approve the reasoning of our colleagues in the fourth district as applied to this case.
Sterling Village Condominium, Inc. v. Breitenbach, 251 So.2d 685 (Fla. 4th DCA 1971), is also helpful. There the court disapproved of the substitution by two unit owners of glass jalousies for wire screening around the porches or screen enclosures that constituted common elements without the consent of the management representing the other unit owners of the condominium. In doing so, the court held that the substitution was a material alteration prohibited without the consent of the management since it was a change, not merely for maintenance, but one which affected and influenced the function, use and appearance of the common elements.
REVERSED and REMANDED for treatment consistent herewith.
HOBSON, A.C.J., and BOARDMAN, J., concur.