449 So.2d 1291 (1984)
Sidney COTTRELL, Individually, and al Conti, Individually, Appellants,
v.
Mae THORNTON, As the President and/or the Acting President of the Board of Directors of Outdoor Resorts at Orlando, Inc., a Florida Condominium Association, Appellee.
No. 83-1557.
District Court of Appeal of Florida, Second District.
March 30, 1984.
Rehearing Denied May 18, 1984.
Irby G. Pugh, Orlando, for appellants.
Richard A. Zacur of Mensh, Zacur & Graham, P.A., St. Petersburg, and Aivars J. Melkus of Boswell, Boswell & Conner, Bartow, for appellee.
PER CURIAM.
Appellants, owners of recreational campsites and members of the Outdoor Resorts Condominium Association, Inc., seek review of the trial court's final judgment that approved the association's board of directors' action to restore common elements and assess costs against the unit owners without a vote of approval by the unit owners. We affirm.
Appellants filed suit against appellee, Mae Thornton, as president of the board of directors of the condominium association, after the board of directors specially assessed over $600 against each unit owner. The assessment was made to pay for the cost of remedying severe problems with three common elements: the canal system, the roadway system and the olympic-size swimming pool.
The canals at the condominium were filling in due to erosion, excess weed growth and pollution from excess runoff. The erosion caused slippage of soil from the lots contiguous to the canals; those lots were gradually crumbling away into the canals. The swimming pool was built on soil which was not demucked prior to construction. *1292 The pool floated up and the southwest corner tilted and began to sink. There were cracks in the floor and sidewalls of the pool and cracks in the deck. The pool was closed to any type of pedestrian traffic due to the unsafe conditions. The roadways had several large, severe potholes. There was testimony that the canals needed to be drained, scraped, demucked and lined with seabags to make the seawalls secure. The roads needed to be resurfaced.
The declaration of condominium and the bylaws authorize the board of directors to fix and determine assessments necessary and adequate for the operation, maintenance, repair or replacement of the common elements. Those documents further provide that no substantial additions or alterations shall be made to the common elements unless authorized by the board and approved by the members of the condominium association. The repairs made to the pool, roads and canals, and the resulting assessments, were authorized by the board of directors without a membership vote.
On appeal, appellants claim the repairs were material alterations of the common elements. Appellee, as president of the board, argues that only necessary repairs and replacements were authorized by the board. Thus, the issue presented on appeal is whether the proposed changes were substantial additions or alterations, or necessary repairs.
We find this issue to be a question of fact for the trial court. Appellee presented expert testimony that the elements were in need of repair. On the basis of this testimony, the trial court found the proposed changes constituted necessary restoration of the condominium property. Because necessary repairs were planned, not material alterations, the trial court found the board of directors was authorized to make assessments against the unit owners without holding a vote.
The trial court also held that the restoration was necessary to prevent further damage to the common elements. This finding was in keeping with the principles stated in Tiffany Plaza Condominium Association, Inc. v. Spencer, et al., 416 So.2d 823 (Fla. 2d DCA 1982). In Tiffany, the condominium association found that the construction of a rock revetment was necessary to protect the beachfront, a common element, from erosion and damage. This court held that condominium unit owners could be assessed for the cost of the rock revetment without their consent, if the trier of fact found the rock revetment was necessary to protect the common elements. Here, the trier of fact found the action taken by the association was required to protect the pool, the roads and the canals from further damage. On this basis, the association could properly assess all unit owners for the cost of repairs.
We are often faced with appeals which are similar in nature to this appeal. One area of misunderstanding seems to derive from the fact that a necessary repair, such as the trial judge found was involved here, may involve a major expenditure of funds. The fact that a major expenditure is involved in making a substantial, necessary repair does not convert the repair into a material or substantial addition or alteration as is contemplated under the terms of the condominium documents, which would trigger a required vote of the unit owners. That is not to say, however, that condominium owners are not without a solution to this frequent problem. We strongly urge that before conflicts arise that require resort to the courts, the owners should consider whether it is desirable to amend the condominium documents to place a restriction on the amounts that could be expended to make necessary repairs without a prior vote of the owners.
We find the evidence was sufficient to support the findings of the trial court, and we therefore affirm.
HOBSON, A.C.J., and SCHEB and CAMPBELL, JJ., concur.