455 So.2d 454 (1984)
John RALPH and Ina Ralph, His Wife, Appellants,
v.
ENVOY POINT Condominium Association, Inc., Appellee.
No. 83-2542.
District Court of Appeal of Florida, Second District.
August 3, 1984.
Rehearing Denied September 7, 1984.
Richard A. Zacur of Mensh, Zacur & Graham, P.A., St. Petersburg, for appellant.
Zala L. Forizs of Blasingame, Forizs & Smiljanich, P.A., St. Petersburg, for appellee.
LEHAN, Judge.
We affirm the trial court's judgment holding that the board of directors of a condominium association was authorized to construct a vertical seawall extension without the necessity of a vote of the condominium unit owners and that the assessment against the owners for that purpose was not invalid.
The issue here is very similar to that in Tiffany Plaza v. Spencer, 416 So.2d 823 (Fla.2d DCA 1982), and may be stated as follows: If work providing an improvement or alteration to condominium common elements is necessary in order to maintain the common elements, and approval of condominium unit owners is required by the condominium documents for alterations or improvements whereas only board approval is required by the documents for maintenance, should the work be treated as an alteration/improvement or as maintenance for the purpose of determining the necessary authority for the work? The trial court's judgment in this case resolved that issue consistent with the holding of Tiffany under facts similar to those in Tiffany.
In Tiffany a condominium association board of directors had authorized an assessment for a rock revetment on the beach in front of the condominium to protect condominium common elements from erosion. Here the condominium association board authorized an assessment for a vertical 42 inch extension to the seawall fronting the condominium in order to protect the common elements from erosion and storm damage. In Tiffany, under condominium documents not materially dissimilar to those here, plaintiff-unit owner contended that the work, and an assessment therefor, should have been put to an owners' vote. *455 The trial court in Tiffany agreed, but this court, on appeal, reversed, saying
Construing the declaration, bylaws and statutes as a whole, we conclude that ... the declaration [requiring an owners' vote] is not intended to relieve an objecting unit owner of the pro rata assessment for the cost of an alteration or improvement when it is reasonably necessary for the maintenance, repair or replacement of a common element.
The fact that in Tiffany this court remanded for a determination of whether the revetment was necessary does not distinguish Tiffany in a determinative way. Tiffany held that if work was necessary, board authority was sufficient. Here, there was competent evidence on the basis of which it could be determined that the work was necessary to protect the condominium common elements. Therefore, the trial court's holding that the board authorization for the work was sufficient was supported by competent evidence. Simply because necessary work for maintenance may also constitute alterations or improvements does not nullify a condominium board's authority and duty to maintain the condominium common elements.
See also Cottrell v. Thornton, 449 So.2d 1291 (Fla.2d DCA 1984), holding that whether work authorized by a condominium board of directors was for necessary repairs and replacement or constituted material alterations calling for vote of unit owners was a question of fact for the trial court.
We also note that in this case 201 of 210 owners, including appellant, had paid the assessment. The trial court found that appellants had paid the assessment without protest.
Although appellants raise a further issue on appeal that the assessment was invalid for various reasons involving requirements of the condominium documents as to the levying of assessments, they did not pray in their complaint for invalidation of the assessment and do not argue that the issue was tried by implied consent. They only prayed for an injunction to prevent construction of the seawall extension. We, therefore, affirm on this issue also. See Lee County Oil Co. v. Marshall, 98 So.2d 510, 512 (Fla.1st DCA 1957).
We call attention to the advice of this court in Cottrell as to possible consideration being given by condominium associations to amending their condominium documents. If the underlying concern in a situation like this is with substantial amounts of money being expended without owners' approval and it is desired that there be dollar limitations on board authorized alterations or improvements for the purpose of maintenance, the documents could be amended to that effect.
AFFIRMED.
DANAHY, A.C.J., and CAMPBELL, J., concur.