0864

DOCKSIDE ASSOCIATION, INC., Appellant v. William J. DETYENS, a/k/a William James Detyens and Marie Detyens Burbic a/k/a Marie D. Burbic, Respondents.

(352 S. E. (2d) 714)

Court of Appeals

*A. Arthur Rosenblum,* Charleston, *for appellant.*

*Gedney M. Howe, III,* Charleston, *for respondents.*

Submitted Dec. 17, 1986.

Decided Jan. 19, 1987.

GOOLSBY, Judge:

This is an action by Dockside Association, Inc., against William J. Detyens and Marie Detyens Burbic to foreclose liens for unpaid assessments for emergency common expenses made pursuant to the Horizontal Property Act. The circuit court disallowed foreclosure and entered judgment in favor of Detyens and Burbic. Dockside Association appeals, contending principally that the trial judge improperly required it to establish the good faith of its Board of Directors in levying an assessment for emergency common expenses. We reverse and remand for a new trial.

Dockside Association is a duly organized non-profit corporation and the administrator of the Dockside Horizontal Property Regime. Its Board of Directors manages the association's affairs.

By-laws either inserted in or appended to and recorded with the master deed establishing the horizontal property regime authorize the association to make assessments for improvements to the common elements and for emergency expenditures. Assessments made for improvements to the common elements require approval by 60 per cent of all co-owners while those made for emergency expenditures require approval by 51 per cent.

In December 1983, Dockside Association levied a special assessment against the co-owners. Approximately 57 per cent of the co-owners had earlier approved the special assessment following a declaration by the Board of Directors that an emergency situation existed. The special assessment was to pay for repairs to the common elements and to establish a reserve fund with which to pay for future emergency repairs. The motion made by a co-owner and calling for the vote by the co-owners on the special assessment specifically referred to the "emergency nature of the situation."

Detyens and Burbic, who are co-owners, refused to pay the special assessment because less than 60 per cent of the co-owners approved it.

Dockside Association then brought this action to foreclose

its liens. *See* S. C. Code of Laws § 27-31-210 (1976). The amount of the liens sought to be foreclosed is $20,045.

The trial judge invalidated the special assessment and dissolved the liens, holding that the Board of Directors failed to establish that it acted in good faith in declaring that an emergency existed, that the conditions existing at the time of the assessment for emergency common expenses did not constitute an emergency, and that the special assessment required approval by 60 per cent of the co-owners.

Dockside Association's chief complaint centers upon the failure of the trial judge to accept the Board of Directors' determination regarding the existence of an emergency. It maintains that the Board of Directors' "business judgment" that an emergency situation existed cannot be set aside by a court absent a showing of bad faith.

In the instant case, the by-laws give the Board of Directors the implied authority to determine the existence of an emergency where the by-laws prescribe that notice of a need for an assessment for emergency common expenses shall be given to the co-owners. The trial judge did not hold otherwise. Moreover, Detyens and Burbic make no argument that the action by the Board of Directors in declaring the existence of an emergency constituted an *ultra vires* act.

A court should be reluctant to question action taken *intra vires* by the governing board of a non-profit corporation. *See Papalexiou v. Tower West Condominium*, 167 N. J. Super. 516, 401 A. (2d) 280, 286 (Chanc. Div. 1979) ("If the corporate directors' conduct is authorized, a showing must be made of fraud, self-dealing or unconscionable conduct to justify judicial review."). This is especially true where the action taken by the governing board of a non-profit corporation requires the board's business judgment. *Cf.* 18B Am. Jur. (2d) *Corporations* § 1486 at 366 (1985) ("Within the chartered authority, directors have the fullest power to regulate the concerns of a corporation according to their best judgment...."). In such instances, the governing board is entitled to have the validity of its *intra vires* action tested by the "business judgment" rule. *See Tiffany Plaza Condominium Association, Inc. v. Spencer*, 416 So. (2d) 823 (Fla. Dist. Ct. App. 1982) (wherein the court referred to the "good business judgment" of a condominium association in an action by unit owners against the associa-

tion challenging an assessment made by the association). Under the business judgment rule, a court will not review the business judgment of a corporate governing board when it acts within its authority and it acts without corrupt motives and in good faith. H. HENN, LAW OF CORPORATIONS § 242 at 482-83 (2d ed. 1970).

Here, the trial judge, though he appeared to apply the business judgment rule in testing the board determination at issue, placed the burden upon the association to establish its board's good faith rather than put the burden upon Detyens and Burbic to demonstrate the board's lack of good faith. In so doing, the trial judge fell into error. *See Papalexiou v. Tower West Condominium*, 167 N. J. Super. at 528, 401 A. (2d) at 286 ("[a]bsent a demonstration of the board's lack of good faith, self dealing, dishonesty or incompetency, its determination that an emergency existed should not be judicially reviewed."). The trial judge was bound by the board's determination that an emergency situation existed when the board requested the co-owners to vote on an assessment for emergency common expenses unless Detyens and Burbic established by a preponderance of the evidence that the board lacked good faith or acted corruptly or fraudulently when it made that determination.

We, therefore, reverse the judgment appealed from and remand for a new trial.

Although we see no need to address the other questions raised by Dockside Association in its appeal, we do reach the question presented by Detyens and Burbic in their appeal from the order settling the record. They contend that the trial judge required the parties to print much irrelevant matter. When we consider Dockside Association's several exceptions, however, we cannot say that the trial judge erred in requiring the parties to print what they did. *See State v. Sumpter*, 288 S. C. 574, 344 S. E. (2d) 148 (1986) (where issue on appeal involves the sufficiency of the evidence, it is not error to include all the trial testimony); *Stevenson v. Board of Adjustment*, 230 S. C. 440, 96 S. E. (2d) 456 (1957) (some latitude must be allowed the circuit judge in passing upon the contents of the appeal record).

Reversed and remanded.

Bell and Cureton, JJ., concur.