22799

DOCKSIDE ASSOCIATION, INC., Respondent v. William J. DETYENS, a/ k/a William James Detyens and Marie Detyens Burbic a/k/a Marie D. Burbic, Petitioners.

(362 S. E. (2d) 874)

Supreme Court

*Gedney M. Howe, III*, Charleston, *for petitioners.*

*A. Arthur Rosenblum*, Charleston, *for respondent.*

Heard Oct. 20, 1987.

Decided Nov. 23, 1987.

*Per Curiam:*

This is an action to foreclose liens on the condominium units of co-owners who refused to pay emergency assessments levied by Dockside Association's Board of Directors (the Board). We granted certiorari to review the decision of the Court of Appeals in *Dockside Association, Inc. v. Detyens*, 291 S. C. 214, 352 S. E. (2d) 714 (Ct. App. 1987). We affirm.

The trial judge ruled that the Board failed to establish its good faith in levying the assessments; accordingly, he abolished the liens. The Court of Appeals reversed, holding that the trial judge erred in placing the burden of proving good faith on the Board.

We now uphold the Court of Appeals' determination that the business judgment rule precludes judicial review of actions taken by a corporate governing board absent a showing of a lack of good faith, fraud, self-dealing or unconscionable conduct. *See Papalexiou v. Tower West Condominium*, 167 N. J. Super. 516, 401 A. (2d) 280, 286 (Chanc. Div. 1979). We also affirm the Court of Appeals' holding that the burden of proving good faith is not on the governing board; the burden of proving a lack of good faith is borne, rather, by those challenging the board's actions. This burden does not shift merely because Petitioners were defendants at trial. Petitioners' posture as defendants below did not alter their "challenging party" status. The Court of Appeals properly reversed the trial judge on this issue.

Petitioners also maintain that this action was one at law in which the Court of Appeals was bound by the factual findings of the circuit court. Respondent argues that the action below was in equity. Although not necessary for the disposition of this appeal, we reach the scope of appellate review issue for the enlightenment and guidance of bench and bar.

This action was brought pursuant to S. C. Code Ann. § 27-31-210(a) of the "Horizontal Property Act" to foreclose a lien for unpaid assessments. That statute provides that "[s]uch lien may be foreclosed by suit . . . in like manner as a mortgage of real property."

An action to foreclose a real estate mortgage is one in equity. *Bryn v. Walker*, 275 S. C. 83, 267 S. E. (2d) 601 (1980). In equity cases, we may find facts in accordance with our own view of the evidence. *South Carolina National Bank v. Central Carolina Livestock Market Inc.*, 289 S. C. 309, 345 S. E. (2d) 485 (1986); *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976); *See also Peoples Federal Savings and Loan Association v. Edwards*, 286 S. C. 475, 334 S. E. (2d) 290 (S. C. App. 1985).

We interpret S. C. Code Ann. § 27-31-210(a) to necessitate treatment of assessment lien foreclosures as actions in equity. The present foreclosure action was in equity and tried by a judge alone, without a reference; it therefore follows that the Court of Appeals was not bound by the factual findings of the trial judge. *Townes Associates, Ltd. v. City of Greenville, supra.*

The decision of the Court of Appeals is

Affirmed.