THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Robert Hinson,
 a.k.a. Robert H. Hinson, Jr., Appellant,
 
 
 
 
 

v.

 
 
 
 
 Stafford Park
 HOA, Inc., Ernest Nyeguard, Richard Spatola, Mike Bailey, Individually and as
 Officers of Stafford Park HOA, Inc., Respondents.
 
 
 
 
 

Appeal From York County
Lee S. Alford, Circuit Court Judge

Unpublished Opinion No.   2010-UP-568
 Submitted December 1, 2010  Filed
December 31, 2010

AFFIRMED 

 
 
 
 James W. Boyd, of Rock Hill, for Appellant.
 Brian Scott McCoy, of Rock Hill, for Respondents.
 
 
 

PER CURIAM:  Robert Hinson appeals the order from a bench trial
 finding that the Stafford Park Homeowners Association's (Stafford Park) bylaws
 materially complied with the Declaration of Covenants and the statutes of this
 State.  As such, the court found that Stafford Park's Board of Directors was
 properly elected and its members acted within the scope of their office and in
 furtherance of the association's affairs when they assessed fees and filed a
 lien of foreclosure on Hinson's property.  We affirm.[1]
Hinson asserts that Stafford Park did not have the power to set and assess fees
 because bylaws conforming to the Restrictive Covenants were never properly
 placed into effect.  He also asserts that Stafford Park lacked the power to
 assess member fees because the common areas and amenities were not owned by
 Stafford Park before 2005.  As Hinson cites no authority to support the
 reversal of the trial court's ruling on these issues, we find them
 abandoned on appeal.  See Rule 208(b)(1)(D) SCACR ("[T]he particular
 issue to be addressed shall be set forth in distinctive type, followed by
 discussion and citations of authority."); First Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (considering an issue abandoned because the appellant
 failed to provide pertinent argument or supporting authority); Jones v. S.C. Dep't of Health & Envtl. Control, 384
 S.C. 295, 317, 682 S.E.2d 282, 294 (Ct. App. 2009) (deeming an issue abandoned
 on appeal if the argument is conclusory and unsupported by authority); Bennett
 v. Investors Title Ins. Co., 370 S.C. 578, 599, 635 S.E.2d 649, 660 (Ct.
 App. 2006) (noting an issue is abandoned on appeal when the appellant fails to
 cite any supporting authority for his position and makes only conclusory
 arguments). 
As to whether the circuit court erred in holding Stafford Park's officers were validly elected and had
 the authority to maintain and assess member fees in accordance with the
 Restrictive Covenants, Stafford Park's bylaws, and the statutes of this State,
 we affirm.  Section 6.3(a) of the Restrictive Covenants states that Stafford
 Park's bylaws shall provide for "[t]he control of the Association by a
 Board of no less than five Directors who shall be elected by simple majority
 vote of the [o]wners present . . . at an annual meeting called for such purpose
 at which a simple majority shall constitute a quorum."  The Stafford Park
 Homeowners Association By-Laws Section II.F. explains how a quorum is formed
 (using the joinder method) to reach a simple majority.  It states, "[t]he
 joinder of a member in the action of a meeting by signing and concurring in the
 minutes thereof shall constitute the presence of such member for the purpose of
 determining a quorum."  Although there is no South Carolina case law
 specifically on point, section 33-31-140(1)(a) of the South Carolina Code
 (2006) states that members entitled to vote on an issue may approve it by the
 "affirmative vote of a majority of the votes of the members represented
 and voting at a duly held meeting at which a quorum is present or the
 affirmative vote of the greater proportion . . . of the members . . . as the .
 . .  bylaws . . . may provide . . . ."  Section 33-31-140(1)(b) enables a
 member to approve a vote by "a written ballot or written consent in
 conformity with this chapter."  Thus, the joinder method of achieving a
 quorum to attain a majority vote as stated in Stafford Park's bylaws comports
 with the Restrictive Covenants and the statutes of this State.    
Regarding the
 assessment of fees, section 33-31-302(15) of the South Carolina Code (2006)
 states in part, "[E]very corporation has . . . the same powers as an
 individual . . . to do all things necessary or convenient to carry out its
 affairs including, without limitation, power . . . to impose dues, assessments,
 and admission and transfer fees upon it members . . . ."  Section 7.1 of
 the Restrictive Covenants also provides "[a]ll covenants, restrictions, and affirmative obligations set forth in
 this Declaration shall run with the land and shall be binding upon all persons,
 firms, and corporations owning any interest in the lands now or hereafter
 affected by the Declaration . . . ."  The language of Stafford Park
 Homeowners Association By-laws Section IV.A.1. states in part: 

 [E]ach member is deemed to covenant and [to] agree to
 pay . . . to the Association, annual assessments or charges, . . . .  The
 annual and special assessments, together with such interest thereon and costs
 of collection thereof, as hereinafter provided shall be a charge on the land
 and shall be a continuing lien upon the property against which each assessment
 is made.  Each such assessment, together with such interest, costs and
 reasonable attorney's fees shall also be the personal obligation of the person
 who was the owner of such property at the time when the assessment fell due . .
 . .  

Pursuant to section 27-31-170
 of the South Carolina Code (2007), "[e]ach co‑owner shall comply
 strictly with the bylaws and with the administrative rules and regulations
 adopted pursuant thereto . . . ."; see also Cedar Cove Homeowners Ass'n, Inc. v. DiPietro, 368 S.C. 254, 270, 628
 S.E.2d 284, 292 (Ct. App. 2006) ("Restrictive
 covenants often authorize the creation of a homeowners' association, usually in the form of a not-for-profit
 corporation, and grant it authority to manage common areas, make regulations,
 levy assessments, and other similar privileges.")
 (citations omitted); Harbison Cmty. Ass'n, Inc. v. Mueller, 319 S.C. 99,
 102, 459 S.E.2d 860, 862 (Ct. App. 1995) ("Covenants requiring property
 owners to pay fees for improvements, maintenance or other services to a homeowners association run with the
 land."); First Fed. Sav. & Loan Ass'n of Charleston v. Bailey,
 316 S.C. 350, 354, 450 S.E.2d 77, 79 (Ct. App. 1994) ("Covenants requiring
 the payment of maintenance assessments are contractual in
 nature and bind the parties to the covenants in the same manner as other
 contracts.").  Therefore, we find Stafford Park acted with proper
 authority when it maintained and assessed member fees.       
Finally, as to
 whether the trial court erred in
 holding that Stafford Park and its board members acted within the scope of
 their powers and were protected by the business judgment rule, we affirm.  A corporation can only exercise the powers
 granted to it by law, its charter or articles of incorporation, and any bylaws made pursuant
 thereto.  Lovering v.  Seabrook Island Prop. Owners Ass'n, 289 S.C. 77,
 82, 344 S.E.2d 862, 865 (Ct. App. 1986), aff'd as modified on other grounds,
 291 S.C. 201, 203, 352 S.E.2d 707, 708 (1987), superseded on other grounds
 by S.C. Code Ann. § 33-31-302.  "Acts beyond the scope of a
 corporation's powers as defined by law or its charter are ultra vires."  Id.; see also Kuznik v. Bees Ferry Assocs., 342 S.C. 579,
 599, 538 S.E.2d 15, 25 (Ct. App. 2000) ("Under the business judgment rule, a court will not
 review the business judgment of a corporate governing board when it acts within
 its authority and it acts without corrupt motives and in good faith."); Goddard
 v. Fairways Dev. Gen. P'ship, 310 S.C. 408, 414, 426 S.E.2d 828, 832 (Ct.
 App. 1993) ("In a dispute between the directors of a homeowners
 association and aggrieved homeowners, the conduct of the directors should be
 judged by the 'business judgment rule' and absent a showing of bad faith, dishonesty, or
 incompetence, the judgment of the directors will not be
 set aside by judicial action.").  The business judgment rule only applies to intra
 vires acts, not ultra vires ones.  Id. at 605, 538 S.E.2d at
 28; see also Dockside Ass'n, Inc. v. Detyens, 291 S.C. 214, 216, 352
 S.E.2d 714, 716 (Ct. App.), aff'd, 294 S.C. 86, 362 S.E.2d 874
 (1987) ("A court should be reluctant to question action taken intra
 vires by the governing board of a non-profit corporation.").  Stafford
 Park was acting within the scope of its powers granted pursuant to the language
 in the Restrictive Covenants, its bylaws, and the statutes of this State.   Therefore,
 Stafford Park's actions were intra vires and protected by the business
 judgment rule. 
Accordingly, the
 judgment herein is
AFFIRMED.
THOMAS,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.